**CHIUMENTO MCNALLY, LLC**
By:   Stephen McNally, Esquire
      PA Attorney ID #59576
One Echelon Plaza
227 Laurel Road, suite 100
Voorhees, NJ 08043
(856) 317-9122
Attorneys for Creditor, First American Title Insurance Company
Our File No.:  90000.00166

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (Reading)**

| | |
|---|---|
| IN RE:<br><br>**MARIE L. CHAVANNES**<br>**(F/K/A MARIE COMOND),**<br><br>Debtor.<br><br>**FIRST AMERICAN TITLE INSURANCE**<br>**COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MARIE L. CHAVANNES (f/k/a MARIE COMOND),**<br><br>**Defendant.** | Case No.:  13-18075-REF<br><br>Judge:  Richard E. Fehling<br><br>Chapter 13<br><br>Adversary Case No. _____ |

**ADVERSARY COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT**

First American Title Insurance Company ("First American" or "Plaintiff") by way of Adversary Complaint says:

**JURISDICTION**

1.   The Court has jurisdiction over this matter pursuant to Title 28 U.S.C. 1334 and 157 and Title 11 U.S.C. § 523 and 1328(a)(2).

0856583.1

2.  The proceedings are core proceedings pursuant to 28 U.S.C. 157(b)(2)(I) and 157(b)(2)(J).

## BACKGROUND

3.  First American is a creditor of the Debtor, Marie L. Chavannes (f/k/a Marie Comond) by reason of a May 10, 2013 Judgment in the amount of $240,777.50 (the "Judgment"). The Judgment arose from the Debtor's forgery of her former spouse's signature on a May 11, 2005 Durable Power of Attorney.

4.  The Debtor, by her maiden name of Marie L. Chavannes, married Robert Commond on or about October 10, 1984 in New York. While married, the Debtor used the name of Marie Comond. By a judgment dated March 29, 1989, they were divorced in New York (the "Divorce Judgment"). The Divorce Judgment "authorized" the Debtor "to resume the use of her maiden name, Chavannese…"

5.  While they were married, the Debtor and Robert Comond purchased together a vacant parcel of real property located at 620 Grand Avenue, Brooklyn, New York (the "Real Property"). On May 11, 2005, the Debtor and her son (Marvin Comond) orchestrated the forgery of Robert's signature on a power of attorney that designated Marvin as his agent (the "POA"), which resulted in the sale the next day by a deed of conveyance to Golden Grand Developers LLC ("Golden Grand") for $410,000. After subtracting various closing costs, the Debtor received a check dated May 12, 2005 from Golden Grand payable to her in the amount of $385,043.00.

6.  Robert Comond commenced a civil action on August 29, 2006 in the Supreme Court of the State of New York, Kings County, index number 06-25961, entitled Robert Comond v. Golden Grand Developers LLC, Marie Comond, Marvin

Comond, et al. (the "New York Action"). In that action, Robert Comond sought money damages or to set aside the sale of his 50% interest in the Real Property on the ground that the Debtor "caused" and "induced" a forgery of his signature on the POA.

7. Golden Grand, through its title company, First American, retained the law firm of Bleakley Platt & Schmidt, LLP in White Plains, New York, by Kenneth C. Brown, Esq. to represent Golden Grand in the New York Action. In its Answer, Golden Grand asserted a cross-claim against the Debtor for indemnification and punitive damages if, as alleged in the Complaint, she participated in and had knowledge of the forgery of Robert Comond's signature on the POA.

8. The Debtor and her son, Marvin Comond, appeared in the New York Action by their attorney (David Gevanter, Esq.) who filed an Answer on their behalf denying the allegations against them in the Complaint.

9. Mr. Brown became convinced that the Debtor and her son, Marvin Comond, orchestrated the forgery of Robert Comond's signature on the POA. As a result, First American, on behalf of Golden Grand, agreed to pay Robert Comond $190,000 in full settlement of his claims in the New York Action against Golden Grand. In return, Robert Comond assigned to Golden Grand his money damage claims against the Debtor. Golden Grand, in turn, assigned those surviving claims against the Debtor to First American, along with its cross-claim against the Debtor.

10. A Stipulation of Settlement and Assignment of Surviving Claims and Cross-Claims Against Defendants Marie and Marvin Comond dated May 25, 2010 incorporates the terms of settlement and the assignments to First American of the surviving claims against the Debtor in the New York Action. Robert Comond, Anneau

Gilbert and Golden Grand signed the Stipulation. Neither the Debtor nor Marvin Comond was a signatory to the Stipulation. As stated in the Stipulation (pg. 3), by then, Robert Comond was represented by Edward Irizarry, Esq., since his original attorney (Adiel Bassrey) had died.

11. Pursuant to the Stipulation, by a check dated June 2, 2010 from First American, Golden Grand paid $190,000 to Robert Comond in full satisfaction of his claims against Golden Grand in the New York Action.

12. Pursuant to the Stipulation, First American (via Golden Grand) submitted a proposed Order and Judgment Restoring Action to Calendar, Discontinuing with Prejudice Certain Claims and Cross-Claims, and Assignment and Subrogation of Surviving Claims and Cross-Claims Against Defendants Marie and Marvin Comond, which was signed by Judge Martin Schneier in the New York Action on November 1, 2010 and filed and entered with the Kings County Clerk on November 17, 2010. The New York Action was reassigned from Judge Schneier to the Honorable Bernard J. Graham.

13. On August 17, 2012 Golden Grand moved in the New York Action (i) to restore the action to the calendar, (ii) to amend the original caption to reflect that First American is the assignee of the original Plaintiff's fraud claim against Defendants, Marie Comond and Marvin Comond, and (iii) for summary judgment in favor of First American against Defendants Marie Comond and Marvin Comond. The motions were argued before Judge Graham on April 4, 2012. The Judge issued a two-page decision and Order which provided in part:

> As to the plaintiff's (First American's) motion for summary judgment which is also before this court, the Court has been given substantial evidence regarding the transfer of the real property at 620 Grand Avenue, Brooklyn, New York and the plaintiff has made a prima facie case that said transfer took place as a result of a forged deed to facilitate the sale and that Robert Comond did not participate or authorize or confirm such transaction.
>
> No opposition of any admissible evidence has been offered to raise a triable issue of fact.

14. On May 10, 2013 Judge Graham entered the Judgment in favor of First American and against the Debtor and Marvin Comond for $240,777.50.

15. On June 26, 2013 the Judgment was domesticated in Berks County, Pennsylvania.

16. On July 11, 2013 the Debtor and Marvin Comond filed an appeal of the Judgment to the New York Supreme Court, Appellate Division, Second Department (the "NY Appellate Division").

17. On September 16, 2013 the Debtor filed this current bankruptcy.

18. On January 6, 2014 the Honorable Richard E. Fehling entered an Order determining that the Debtor was collaterally estopped from disputing the issues decided in the New York Action. Specifically, the Debtor:

> is precluded, based on the doctrine of collateral estoppel, from presenting any evidence to relitigate the issues decided by the New York court, which were: (1) that Debtor and her son Marvin Comond "caused" and "induced" the forgery of Robert Comand on a "Durably General Power of Attorney" dated May 11, 2005; and (2) that the transfer of the real estate located at 620 Grand Avenue, Brooklyn, New York took place as a result of a forged deed to facilitate the sale; and (3) that Robert command did not participate, authorize or confirm such transaction.

## FIRST COUNT

19. First American repeats all allegations of the previous paragraphs as if set forth in full.

20. The debt owed to First American is for money, property, services or an extension, renewal, or refinancing of credit obtained by false pretenses, a false representation, or actual fraud and/or involved the use of a statement in writing that is materially false respecting the debtor's or an insider's financial condition upon which First American and/or its assignee reasonably relied which the Debtor made or published with intent to deceive.

WHEREFORE, First American Title Insurance Company demands judgment:

a) Declaring the debt owed Marie Chavannes to First American non-dischargeable pursuant to Title 11 U.S.C. § 1328(a)(2) and Title 11 U.S.C. § 523(a)(2);

b) For punitive damages;

c) For interest;

d) For attorney fees;

e) For court costs; and

f) Such other relief that the Court deems appropriate.

## SECOND COUNT

21. First American repeats all allegations of the previous paragraphs as if set forth in full.

22. The debt owed by Debtor to First American was the result of fraud or defalcation while the Debtor was acting in a fiduciary capacity, embezzlement or fraud.

WHEREFORE, First American Title Insurance Company demands judgment:

a) Declaring the debt owed Marie Chavannes to First American non-dischargeable pursuant to Title 11 U.S.C. § 1328(a)(2) and Title 11 U.S.C. § 523(a)(4);

b) For punitive damages;

c) For interest;

d) For attorney fees;

e) For court costs; and

f) Such other relief that the Court deems appropriate.

**CHIUMENTO MCNALLY, LLC**
*Attorneys for Plaintiff/Creditor, First American Title Insurance Company*

Dated:  March 10, 2014

By:  /s/ Stephen McNally, Esquire
STEPHEN MCNALLY, ESQUIRE