Tudor Neagu, Esq.
LAW OFFICES OF GREG PROSMUSHKIN, PC
9637 Bustleton Avenue
Philadelphia, PA 19115
T: (215) 673 - 7733
F: (215) 673 - 7933
Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>    MARIE L. CHAVANNES<br><br>    Debtor<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MARIE L. CHAVANNES (f/k/a/ MARIE COMOND), | Case No.: 13-18075-REF<br><br>Judge: Richard E. Fehling<br><br>Chapter 13<br><br>Adversary Case No. 14-129 |

**DEBTOR'S ANSWER TO ADVERSARY COMPLAINT FOR**
**NON-DISCHARGEABILITY OF DEBT AND COUNTERCLAIM**

Defendant, Ms. Marie L. Chavannes, answers the complaint for non-dischargeability filed by Plaintiffs, and counterclaims, as follows:

1.    Admitted.

2.    Admitted.

3.    Denied.  The Judgment was obtained in violation of the automatic stay in bankruptcy case number 10-22825.

4.    Admitted.

5.    Denied.  Strict proof demanded at trial.

1

  6. Admitted.  By way of further answer, the New York Action was dismissed and never successfully reinstated or brought before a trier of fact.

  7. Admitted.

  8. Admitted.

  9. Admitted.  By way of further answer, the Debtor and her son, Marvin Comond, were unaware of First American's machinations, and the out-of-court "settlement" was reached while the case was still dismissed.

  10. Admitted.

  11. Admitted.

  12. Denied.  Said Order and Judgment was void *ab initio*, and although the Order was signed and entered, it did not have any effect against the Debtor.

  13. Denied.  Although First American and Golden Grand moved to restore the New York Action to the calendar, the Order issued was void *ab initio* because they stemmed from Mr. Comond's dismissed actions and the Improper Order that was entered in violation of the automatic stay.

  14. Denied.  The "Judgment" was void *ab initio*, and therefore ineffective against the Debtor.

  15. Denied.  The "Judgment" was void *ab initio*, and therefore ineffective against the Debtor.

  16. Admitted.

  17. Admitted.

  18. Admitted.

19. Admitted that the allegations are repeated, some allegations admitted, some denied, as per above.

20. Denied. Strict proof demanded at trial.

21. Admitted that the allegations are repeated, some allegations admitted, some denied, as per above.

22. Denied. Strict proof demanded at trial.

## DEBTOR'S COUNTERCLAIM

23. First American Title Insurance Company ("First American") is attempting to enforce a judgment that was improperly obtained during the pendency of a bankruptcy case, while the automatic stay was in effect, in violation of the stay, and therefore void *ab initio*.

24. On November 1, 2010 Mr. Brown and First American improperly caused Judge Schneier, sitting on the Supreme Court of the State of New York, to reinstate an order against the Debtor in violation of the automatic stay that had been imposed pursuant to Debtor's filing for relief under Chapter 13 of the Bankruptcy Code in case number 10-22825 on September 21, 2010 (the "Bankruptcy"). At that time, Mr. Comond was still the plaintiff, and not First American.

25. Mrs. Comond and Mr. Comond ("Mr. Comond") co-owned a vacant lot at 620 Grand Avenue, Brooklyn, New York (the "Property") as tenants by the entirety. Mr. Comond divorced Mrs. Comond on March 29, 1989, at which time Mr. Comond did not claim any assets, only their son, Marvin Comond.

26. On May 11, 2005 a durable power of attorney was prepared by Aleksandr Cherny and notarized by notary public Anneau Gilbert.

27. The activities from April 21, 2005 to May 12, 2005 resulted in the sale of the Property from the sellers, Marie and Robert Comond, to the buyer, Mark Weinberger of Golden Grand Developers, LLC for $410,000.00. The check that was supposed to have been issued to both sellers was only addressed to Marie Comond.

28. On August 29, 2006 Mr. Comond attempted to sue Golden Grand Developers, LLC, Marie Comond, Marvin Comond, Anneau Gilbert et al in an action entitled <u>Robert Comond v. Golden Grand Developers, LLC, Marie Comond, Marvin Comond, et al.</u> (the "New York Action").

29. In September and October of 2006, the defendants, including Marie and Marvin Comond, filed a verified answer. After a preliminary conference was held, Mr. Comond failed to file a Note of Issue within a year, and his action was dismissed on June 27, 2008. A true and correct copy of the verified complaint in the New York Action and answer thereto is attached hereto as **Exhibit "A."**

30. During the New York Action proceedings, Mrs. Chavannes and Mr. Marvin were represented by an attorney who subsequently withdrew from the case, Mr. David Gevanter, Esq., and then by Davida Patricia Holmes, an attorney whose license to practice was delinquent for at least four years, and at one point was listed as "suspended." *See* Attorney Detail from New York State Unified Court System and Lawyers.com attached hereto as **Exhibit "B."**

31. Mr. Comond, through counsel Adiel Bassrey, moved to restore this action by a Notice of Motion to Restore dated October 12, 2009, which motion was returnable before the Central Compliance Part on October 26, 2009, and on such date the motion was "marked off" by the court clerk when Mr. Comond's attorney did not appear for oral argument on the motion.

32. Mr. Comond, through counsel, brought another "Notice of Motion to Restore" dated December 27, 2009, made returnable on January 25, 2010 and subsequently continued to April 16, 2010. Defendants Golden Grand and Gilbert submitted papers in opposition to the motion.

33. Those proceedings never culminated in a trial, but pursuant to depositions taken and evidence produced by all sides, Mr. Comond did not have a strong case. For example, Mr. Anneau Gilbert, the notary who allegedly witnessed the alleged forged signature, testified at a deposition in 2007 that he never saw Marvin and Marie, and did not recognize them in the room. Moreover, he admitted that his notary license had expired between 2003 and 2006. The Power of Attorney at issue was allegedly executed in 2005. A true and correct copy of the deposition transcript is attached hereto as **Exhibit "C."**

34. Neither the Debtor nor Marvin Comond forged any signatures on any documents, nor were they ever proven to have done so before a trier of fact in the New York Action.

35. On April 16, 2010, Mr. Comond and Golden Grand and its title company, First American, agreed to a stipulation in court, without the knowledge, consent or presence of their co-defendants Marie and Marvin Comond (the "Stipulation"), and at a time when any action by Mr. Comond had already been dismissed. That Stipulation was entered on May 25, 2010, at a time when there was no active case on the docket because it had been dismissed several times prior. Under the Stipulation, First American paid Robert Comond $190,000.00 on June 2, 2010, in full settlement of his claims, except as to Marie and Marvin Comond. *See* Order and Money Judgment attached hereto as **Exhibit "D."** A true and correct copy of the Stipulation is attached hereto as **Exhibit "E."**

36. Without the intervention of any trier of fact, First American decided for all defendants to settle a claim with Mr. Comond, and against co-defendants Marie and Marvin Comond, in effect shifting its own role from co-defendant to plaintiff, and shifting Marie and Marvin Comond's roles from co-defendants to sole defendants without their knowledge or consent, at a time when there was no active case on the docket because it had been dismissed several times.

37. On September 16, 2010 First American submitted a proposed Order and Judgment Restoring Action to Calendar, Discontinuing with Prejudice Certain Claims and Cross-Claims, and Assignment and Subrogation of Surviving Claims and Cross-Claims Against Defendants Marie and Marvin Comond to Judge Martin Schneier, unbeknownst to Debtor (the "Improper Order"), which stated, *inter alia*, that First American agreed to dismiss all claims against all defendants, with prejudice, except "against defendants Marie Comond and Marvin Comond which shall survive this Stipulation." *See* Stipulation, Exhibit D, at page 4.

38. On **September 21, 2010** Debtor filed the Bankruptcy under Chapter 13 of the Bankruptcy Code, case number 10-22825, which was active until it was dismissed on May 26, 2011. A true and correct copy of the first page of the Bankruptcy petition is attached hereto as **Exhibit "F."**

39. First American attempted to file a proof of claim in the Bankruptcy for $190,000.00, and it even stated in that proof of claim that the "assignment of claim in pending litigation." A true and correct copy of said Proof of Claim is attached hereto as **Exhibit "G."** (partial, proof of claim generally incorporates the entirety of the New York Action in its exhibits).

## FIRST COUNT

6

40. On November 1, 2010 while the Bankruptcy automatic stay was in effect, Judge Martin Schneier signed the Improper Order, **in violation of the Bankruptcy automatic stay.**

WHEREFORE, Debtor demands judgment:

a) Declaring First American's attempt to enter judgment against the Debtor in the New York Action void *ab initio* in violation of § 362(a);

b) Disallowing First American's claim number 8-1;

c) For punitive damages;

d) For interest;

e) For attorney fees;

f) For court costs; and

g) Such other relief as the Court deems appropriate.

## SECOND COUNT

41. On November 17, 2010 the Improper Order was filed and entered with the Kings County Clerk, **in violation of the Bankruptcy automatic stay.**

WHEREFORE, Debtor demands judgment:

a) Declaring First American's attempt to enter judgment against the Debtor in the New York Action void *ab initio* in violation of § 362(a);

b) Disallowing First American's claim number 8-1;

c) For punitive damages;

d) For interest;

e) For attorney fees;

f) For court costs; and

g) Such other relief as the Court deems appropriate.

## THIRD COUNT

42. First American, through Mr. Brown, asserts that it allegedly found out about the Bankruptcy on March 8, 2011 (the "Awareness Date"). **After the Awareness Date,** First American attempted to restore the New York Action to the calendar when they filed a Notice of Motion to Restore Action to Calendar, to Amend the Caption, and for Summary Judgment, a true and correct copy of which is attached hereto as **Exhibit "I."**

WHEREFORE, Debtor demands judgment:

a) Declaring First American's attempt to enter judgment against the Debtor in the New York Action void *ab initio* in violation of § 362(a);

b) Disallowing First American's claim number 8-1;

c) For punitive damages;

d) For interest;

e) For attorney fees;

f) For court costs;

g) For sanctions;

h) For contempt of court; and

i) Such other relief as the Court deems appropriate.

## FOURTH COUNT

43. **After the Awareness Date,** First American acted to obtain a void *ab initio* Order and Money Judgment, in the New York Action, wherein the Court asserted that there was "evidence submitted that a bankruptcy stay was in place due to bankruptcy filing of Marie Comond […].". See Exhibit "H," Order and Money Judgment, page 8.

WHEREFORE, Debtor demands judgment:

a) Declaring First American's attempt to enter judgment against the Debtor in the New York Action void *ab initio* in violation of § 362(a);

b) Disallowing First American's claim number 8-1;

c) For punitive damages;

d) For interest;

e) For attorney fees;

f) For court costs;

g) For sanctions;

h) For contempt of court; and

i) Such other relief as the Court deems appropriate.

## **FIFTH COUNT**

44. **After the Awareness Date,** First American acted in bankruptcy court by filing a claim based on that Improper Order it knew or should have known was void *ab initio,* as well as multiple pleadings, all of which are instances of knowingly acting to enforce a money judgment in violation of the automatic stay.

WHEREFORE, Debtor demands judgment:

a) Declaring First American's attempt to enter judgment against the Debtor in the New York Action void *ab initio* in violation of § 362(a);

b) Disallowing First American's claim number 8-1;

c) For punitive damages;

d) For interest;

e) For attorney fees;

    f)    For court costs;

    g)    For sanctions;

    h)    For contempt of court; and

    i)    Such other relief as the Court deems appropriate.

Dated: April 11, 2014

                                                  */s/ Tudor Neagu*
                                                  Tudor Neagu, Esq.