IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE L. CHAVANNES,<br><br>Appellant,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Appellee. | CIVIL ACTION<br>NO. 14-4528<br><br>Bankruptcy No. 13-18075<br>Adversary Case No. 14-129 |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                    **April 9, 2015**

Debtor-Appellant Marie L. Chavannes ostensibly appeals from three different orders of the bankruptcy court. As discussed below, timeliness and other procedural issues seriously limit this court's consideration of the substantive merits of this appeal. That consideration uncovers no reason to reverse.

Factual and Procedural Background

The complicated history of this matter is directly related to the substance of the present appeal, but the ultimately narrow scope of this court's review, the parties' obvious familiarity with the background of the case, and the thorough chronology set forth in at least one memorandum opinion below all favor as simple an account as possible.

In 2006, Appellant's ex-husband brought suit in New York against Appellant and other defendants[1] regarding allegations that Appellant had forged the ex-husband's name

---

[1] In the New York case, Appellant's son Marvin Comond was also a party and was also subject to the judgment that Appellant disputes. Appellant's son has participated in the current bankruptcy case but is not

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 4/10/15
ATTEST: A. Matramelo
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

on a power of attorney and then used that power to execute the sale of certain property. In 2010, part of that suit was resolved by a settlement giving Appellant's ex-husband $190,000 and assigning his claims against Appellant to Appellee First American Title Insurance. A stipulation to that effect was executed, the money was paid, and the stipulation was filed of record. Appellant then filed a Chapter 13 bankruptcy case, with no notice to Appellee. During the pendency of that bankruptcy, the New York court entered an order formally recognizing the reopening of the case as well as the dismissal of certain claims and assignment of others to Appellee.

Appellant's bankruptcy filing was dismissed in May 2011. In September, she filed another Chapter 13 bankruptcy, which was subsequently also dismissed in April 2012. In August of that year, another party in the New York case reactivated that litigation once more and moved for summary judgment in Appellee's favor on the claims it had acquired against Appellant. Granting the motion, in May 2013, the New York court entered judgment in favor of Appellee First American and against Appellant-Debtor Chavannes in the amount of $240,777.50. In June, the judgment was domesticated in Berks County. In July, Appellant appealed the New York judgment, and Appellee timely opposed the appeal in September. Days later, on September 16, 2013, Appellant filed this, her third Chapter 13 bankruptcy, which appears to have stayed action in the direct appeal of the New York judgment.

Appellee filed a motion to dismiss the current bankruptcy or convert it to Chapter 7 and a separate motion to preclude re-litigation of the New York judgment issues under collateral estoppel. On January 6, 2014, the bankruptcy court granted the collateral

---

a party, and his involvement does not affect the analysis; therefore, the court will refrain from repeatedly referencing him in reciting the facts.

2

estoppel motion. Nevertheless, Appellant filed motions to void the New York judgment. She argued that the judgment was predicated on the New York court's prior order recognizing the settlement and assignment of claims to Appellee, and that this prior order, entered during the first bankruptcy case, had violated the automatic stay (the judgment itself occurred after the dismissal of both the first and second bankruptcies). In March 2014, Appellee opened an adversary proceeding against Appellant asking that the judgment be found non-dischargeable.

After a hearing in April, on May 13, 2014, the bankruptcy court entered an opinion and order denying Appellant's motion to void the judgment ("first order"). With the judgment and the debt it represents thus firmly in place, and Appellant being unable to present a plan to pay it, the bankruptcy court denied dismissal but granted conversion to Chapter 7 on June 5, 2014 ("second order"). On June 12, 2014, Appellant filed a notice of appeal referencing both the first and second orders. The bankruptcy proceedings continued, and on July 30, 2014, the Bankruptcy Court entered an order in the adversary proceeding granting Appellee's motion for summary judgment, finding the New York judgment debt non-dischargeable ("third order").[2] In this court, a "supplemental certificate of appeal," still referencing just the first and second orders, was docketed on August 19, 2014. On August 20, 2014, Appellant filed an amended notice of appeal in the adversary action referencing all three orders. On August 26 and September 9, 2014,

---

[2] A review of the bankruptcy dockets indicates this must be the order Appellant seeks to include in this appeal when she references an order dated July 30, 2014, but no document filed before this court describes the order other than by date or points out that it was entered in the adversary action.

3

"supplemental certificates of appeal" referencing all three orders appear on the docket in this court.[3]

After this court granted additional time, Appellant filed her brief on September 15, 2014, and Appellee followed on September 30, 2015.[4] On November 26, 2014, Appellant filed a motion for an extension of time to submit her statement of designation, presumably the statement required under Federal Rule of Bankruptcy Procedure 8009. On February 23, 2015, this court granted the motion and gave Appellant until March 13, 2015, to file the designation. Appellant has since filed nothing, and indeed the record for appeal has never been transmitted to this court.[5]

Discussion

The third order—granting summary judgment in the adversary action and declaring the debt at issue non-dischargeable—was entered July 30, 2014. The earliest date for any notice of appeal referencing this order, either here or in the bankruptcy court, is August 20, 2014. Appellant's purported appeal of the third order is, therefore, untimely, and this court cannot consider it. *See* Fed. R. Bankr. P. 8002 ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."); *In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011)

---

[3] In addition to supplementing the orders ostensibly included in this appeal, Appellant has also appealed four further orders of the bankruptcy court under four separate docket numbers in this court, which will be addressed separately.

[4] There was also an interlude involving Appellant's motion to stay pending appeal, which this court denied. Appellant appealed that denial to the Third Circuit, which both denied the stay because Appellant was unlikely to prevail and dismissed the appeal for failure to timely pay fees or move to proceed *in forma pauperis*.

[5] The Clerk's office has recently changed its typical procedures regarding compliance with Rule 8009. At the time of this appeal's filing, a briefing schedule was automatically issued and the case proceeded despite the record never being received. In one of Appellant's other appeals, docketed here at 14-7244, the bankruptcy record was received and docketed, but Appellant did not actually comply with Rule 8009, and the Clerk's office recommended dismissal. For consistency, the court granted additional time in that case as well, but Appellant likewise failed to avail herself of the opportunity.

4

("[E]ven though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable."). Moreover, even though the third order and Appellant's supplemental and amended filings attempting to add it to this appeal were entered weeks prior to Appellant's brief, the brief does not address or even mention it. The court will dismiss any appeal of the third order.

Appellant's appeal of the first order is also untimely, the order having been entered May 13, 2014, and Appellant having filed her notice of appeal on June 12, 2014. Appellant did not brief the timeliness issue; Appellee's brief considered and countered a hypothetical argument that the first order was not final. It seems likely that Appellant would also argue that the first order's ruling on the validity of the New York judgment was implicated as the basis for the second order, and that this appeal therefore timely challenges both. But the orders clearly addressed separate issues. The text of the first order resolved Appellant's motion to void the New York judgment, and the accompanying memorandum opinion contained multiple redundant grounds for that resolution, unequivocally demonstrating that the bankruptcy court contemplated no further opening for revisiting the issue. The second order specifically and exclusively concerned Appellee's motion to dismiss or convert to Chapter 7, and indeed the second order is predicated on the fact that the first order's ruling against Appellant on the New York judgment issue was a *fait accompli*. So the first order was final, and while its effect continued into the second order, it did so precisely because the issue was closed;

5

therefore, the New York judgment issue was not timely appealed and cannot be reviewed by this Court.[6]

The second order, entered June 5, 2014, was timely appealed by a notice filed June 12, 2014; however, there is still a procedural defect. Federal Rule of Bankruptcy Procedure 8009(a) requires appellants to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within 14 days after . . . the appellant's notice of appeal . . . ." The rule also requires appellants to order "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal." Fed. R. Bankr. P. 8009(b). Although this case proceeded to briefing, Appellant was obviously aware that she had not complied with this rule, as on November 26, 2014, she moved for an extension of time "for the filing of the statement of designation." The Court granted the motion, but Appellant has made no filing either in this Court or on the bankruptcy docket, nor any submission directly to chambers. This noncompliance provides a basis for dismissal of the appeal, but Rule 8009 is not jurisdictional. *See In re Nyholm*, No. 06-

---

[6] Because the question of timeliness is jurisdictional, it would be inappropriate for this Court to formally review the substance of the issue. But it would also be foolish to suggest to the litigants that this appeal might have had merit if not for the procedural defect. The bankruptcy court's ruling on the New York judgment issue appears quite sound.

In particular, Appellant's attempt to revisit issues that had already been decided by the New York court (an attempt now compounded by this untimely appeal of the issue) seems an entirely appropriate situation in which to apply the reasoning of *In re Bishop*, 559 F. App'x 175, 176 (3d Cir.), *cert. denied sub nom., Bishop v. U.S. Bankr. Court for Dist. of Delaware*, 135 S. Ct. 774 (2014), using the *Rooker-Feldman* doctrine to bar attempts to re-litigate state court judgments in federal bankruptcy court. Even though Appellant's attempt here was not straightforwardly styled as an appeal, as was more clear in *Bishop*, 559 F. App'x at 175, Appellant is indeed complaining of the injury she has sustained as a result of being on the losing end of a previously rendered state court judgment and is obviously inviting the federal courts to review and void that judgment. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (listing requirements for application of the *Rooker-Feldman* doctrine).

It is also not clear that voiding the November 1, 2010, order of the New York court—the only action Appellant complains occurred during the reign of any automatic stay—would undermine the May 10, 2013, judgment that Appellant actually wants to erase. The judgment followed a later reopening of the New York action that occurred after the automatic stays expired, and to the extent the judgment relied on or effectuated the assignment of claims to Appellee, that private assignment predated the stays. The judgment does not seem in any real way to depend upon the November 1, 2010, order.

6

22768/GMB, 2009 WL 114884, at *2 (D.N.J. Jan. 12, 2009) ("While '[t]he time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not *required* automatically to dismiss the appeal of a party who has failed to meet those deadlines,' district courts 'exercise discretion to determine whether dismissal is appropriate in the circumstances' presented in a particular case." (emphasis in original) (quoting *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987)). Here, Appellant's failure to comply with Rule 8009, in particular the transcript provisions, does hamper this review, because the third order refers to "the reasons [the bankruptcy judge] announced at and during the May 28, 2014 argument." No transcript of that argument has been provided, and a review of the bankruptcy docket indicates none was ever ordered. On the other hand, Appellant is acting at least partly *pro se*, and the Clerk's office has been changing its procedures regarding the docketing of bankruptcy records and compliance with Rule 8009.[7] All things considered, the Court will review the merits of the appeal with regard to the second order rather than dismissing based on Rule 8009.

As explained above, however, the Court will not revisit the propriety of the *first* order, so review of the second order is limited to evaluating it *given* the existence of the first order and thus the New York judgment. With the prior ruling—and thus Appellee's claim—already established, the only issue decided in the third order was whether to dismiss the case or alternatively convert it to Chapter 7; the bankruptcy court denied dismissal but granted conversion. In general, this court reviews a bankruptcy court's factual findings under a clear error standard and considers legal questions *de novo*. *In re Am. Capital Equip., LLC*, 688 F.3d 145, 153 (3d Cir. 2012). Where the issue is conversion from Chapter 13 to Chapter 7, "[w]e review the bankruptcy court's decision to

---

[7] See note 5 above.

convert the petition for an abuse of discretion, but we review the facts underlying the decision under a 'clearly erroneous' standard." *In re Bistrian*, 184 B.R. 678, 685 (E.D. Pa. 1995) (citations omitted); *see also In re Am. Capital Equip., LLC*, 688 F.3d at 161 (employing the abuse of discretion standard regarding conversion from Chapter 11 to Chapter 7).

The missing transcript limits this Court's knowledge of the bankruptcy court's reasoning. Nevertheless, the order contains a footnote offering the highlight of the reasons announced during argument: "The largest reason, among others stated, is that Debtor cannot file a feasible Chapter 13 Plan that provides payment of First American's claim." This reasoning is permissible. *See* 11 U.S.C.A. § 1307(c) (giving the court power to convert to Chapter 7 for cause); 11 U.S.C. §1325(a)(6) (requiring that the debtor be able to make all payments in order to have a plan confirmed); *In re Blanco*, 520 B.R. 476, 483 (Bankr. E.D. Pa. 2014) ("Cause exists for dismissal under section 1307(c)(1) when the chapter 13 debtor has been given a reasonable time to propose a viable plan and it is clear that the debtor will be unable to do so."); *In re Lundahl*, 307 B.R. 233, 244 (Bankr. D. Utah 2003) ("the plan must be feasible to be confirmed"); *In re Pakuris*, 262 B.R. 330, 337 (Bankr. E.D. Pa. 2001) (noting insufficient income as a reason *not* to convert the other way, from Chapter 7 to Chapter 13); *In re Earl*, 140 B.R. 728, 733 (Bankr. N.D. Ind. 1992) ("The specific grounds for dismissal set out in § 1307(c), are not all-inclusive, or exhaustive."). The underlying facts are the existence of First American's claim—which is unreviewable at this time and is in any event not clearly erroneous, both as explained above—and Appellant's inability to arrange for payment of the claim. Again, the absence of a full record makes Appellant's ability to pay somewhat difficult to

8

review, but her brief makes no argument that she could pay the claim, only that the claim should be voided. Appellee adds that Appellant's income is insufficient. There is no reason before this court to think that the bankruptcy court abused its discretion or relied on erroneous facts in converting the case to Chapter 7.

Conclusion

The court will dismiss the appeal with respect to the first and third orders ostensibly appealed (the May 13, 2014, and July 30, 2014, orders, respectively) because Appellant did not file a timely notice of appeal for those orders. The Court will affirm the second order (entered June 5, 2014).